UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. 2:11-CR-70 |
| | ) | |
| | ) | |
| TONYA S. PARKER, | ) | |
| Petitioner. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the motion of defendant for a reduction of sentence, [Doc. 110]. Defendant requests a reduction in sentence pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 113]. The motion will be GRANTED in part.

**I. Factual and Procedural Background**

The defendant was convicted of participating in a conspiracy to manufacture at least fifty grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and conspiring to distribute and possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), [Doc. 95]. She was held accountable for 114 grams of pseudoephedrine, which yielded a marijuana equivalent of 1140 kilograms, resulting in a base offense level of 32. The base offense level was decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in an adjusted total offense level of 29. The guidelines range was 97 to 121 months. The United States filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1. The government recommended a

1

two-level reduction. [Doc. 86]. The Court granted the motion and imposed a 78-month sentence of imprisonment, a thirty-five percent reduction.

At the time of the entry of her guilty plea, the defendant stipulated to the following facts:

> a) Through the testimony of several witnesses, including co-conspirators, the United States would demonstrate, beyond a reasonable doubt, that between January of 2007 and May of 2011, in the Eastern District of Tennessee, the defendant did knowingly, intentionally, and without authority, conspire with at least one other person to manufacture 50 grams or more of methamphetamine, a Schedule II controlled substance and to distribute and to possess with the intent to distribute a quantity of methamphetamine, a Schedule II controlled substance.
>
> b) During the course of the conspiracy, the defendant assisted in the distribution of methamphetamine with co-defendant Shane Hardy. In addition, the defendant purchased pseudoephedrine pills in the Eastern District of Tennessee which she then traded to co-conspirators for use in the manufacture of methamphetamine.
>
> c) Beginning in 2007, the defendant and co-defendant Shane Hardy distributed methamphetamine in quantities ranging from a gram to an ounce to various individual in the Eastern District of Tennessee, including co-defendant Dallas Taylor and co-conspirator Michael Hicks.
>
> d) On September 16, 2008, the defendant and co-defendant Hardy were pulled over north of Atlanta, GA, heading north on 1-75 just south of Chattanooga. During a search of the car and occupants, agents found $7,749 on Hardy and found the defendant to be in possession of a bag containing methamphetamine, 20 pills, methamphetamine pipes, a marijuana joint and a user amount of marijuana.
>
> e) On June 3, 2009, agents searched a storage unit in Jonesborough, Tennessee. During a consent search of two storage unites, agents found a black box containing drug paraphernalia and drug ledgers. Agents also found an electric bill in the name of the defendant in that same storage unit. An analysis of the drug ledgers indicate that Hardy was obtaining at least two pounds of methamphetamine at a time which he was then selling in ounce and half ounce quantities.
>
> f) On June 25, 2009, agents executed a federal search warrant at the residence of the defendant and Hardy in Jonesborough, Tennessee.

In the trunk of a vehicle parked in front of the residence, agents found items used in the manufacture of methamphetamine. In the glove box of the car was a Johnson City Power Board notice for the address in the name of the defendant. In the garage, agents found digital scales, drug ledgers, and an RF detector. An analysis of all the drug ledgers seized, including those seized on June 3, 2009, indicted [sic] that Hardy had obtained approximately 3,987.5 grams of methamphetamine and had distributed 1,201.25 grams of methamphetamine to multiple individuals, including Dallas Taylor.

g) On August 4, 2009, the defendant gave a statement to law enforcement agents. The defendant admitted that she dated an individual named Clint Wilcox, who lived in Morristown, for about nine months in 2006, and that Wilcox was receiving one ounce of methamphetamine every other day from an individual she identified only as Gary and reselling it. The defendant admitted to helping Wilcox repackage and weigh methamphetamine on three occasions. The defendant said that she started dating co-defendant Shane Hardy in 2007 and while dating him she was using methamphetamine. The defendant admitted that within a few months of meeting Hardy, she realized he was selling methamphetamine to a lot of people from his garage on Tavern Hill Road in Jonesborough. The defendant admitted to assisting Hardy in creating drug ledgers between January and August of 2008. The defendant further identified several individuals in the drug ledgers, including Dallas Taylor.

h) In early 2009, the defendant began purchasing pseudoephedrine pills which she would then provide to others, including co-defendant Shane Hardy and co-conspirator Michael Hicks, to use to manufacture methamphetamine. The defendant also assisted in the manufacture of methamphetamine at Hicks' garage in Elizabethton, Tennessee.

i) According to the Tennessee Pseudoephedrine Registry, the defendant purchased a total of 114 grams of pseudoephedrine between February 2, 2009 and September 14, 2011, which was used to manufacture a conservative estimate of 57 grams of actual methamphetamine.

j) The defendant further agrees that 114 grams of pseudoephedrine converts to 1,140 kilograms of marijuana.

k) The defendant further admits that she assisted co-defendant Hardy in the distribution of more than 50 grams of

3

>     methamphetamine from the residence on Tavern Hill Road in
>     Jonesborough, Tennessee.

[Doc. 52].

## II. Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, Cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If she is, the court must then consider whether,

in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, Cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, Cmt. n. 1(B)(ii)).

One other factor is relevant to the instant motion. Ordinarily, a defendant's sentence may not be reduced to a term "less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). But where, as here, defendant previously received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities," the Court has authority to grant a reduction "comparably less than the amended guideline range." USSG § 1B1.10(b)(2)(B). In addition, where, as is the case here, the defendant obtained a downward departure pursuant to 18 U.S.C. § 3553(e), "the amended guideline range shall be determined without regard to the operation of § 5G1.1 . . . and § 5G1.2." USSG § 1B1.10(c).

The relevant factors here demonstrate that a reduction is appropriate but that the reduction should be less than that requested by defendant. First is the seriousness of defendant's criminal conduct. The defendant was a substantial participant in a very serious conspiracy to distribute a large quantity of methamphetamine. The defendant personally obtained large quantities of pseudoephedrine needed for the manufacturing process. She actually helped in the manufacturing process. She helped weigh and repackage the finished product and distributed quantities of the

5

finished product on numerous occasions. In addition, the defendant's criminal history is also an important consideration.

Protection of the public and necessary general deterrence are also significant factors which weigh against a reduction here, given the seriousness of the criminal conduct, including the actual manufacturing of methamphetamine, which is a dangerous process, and the large amount of methamphetamine involved in the offense. One final factor also weighs against the full reduction sought by defendant. That is the one pointed out by the government response in this matter. The defendant faced a congressionally imposed ten-year mandatory minimum term of imprisonment as a result of his conviction. The only reason she escaped that ten-year minimum term, then or now, was the government's motion for downward departure based on substantial assistance. At the time of sentencing, the clear rule in the Sixth Circuit was that "only factors relating to a defendant's cooperation may influence the extent of a departure pursuant to § 3553(e)." *United States v. Grant*, 636 F.3d 803, 814 (6th Cir. 2011) (*en banc*). This Court reviewed the government's motion outlining the assistance provided by the defendant and concluded at the time that the sentence imposed reflected the extent of her cooperation. The policy bases upon which the Sixth Circuit premised its holding remain the same, even though the defendant is now *eligible* for the reduction based on the amendment to the guidelines. Since the only way defendant escaped the congressionally imposed mandatory minimum was for substantial assistance to the government, it is perfectly logical that the extent of the reduction should be determined based on the extent of assistance.

As the government points out, a reduction to the level sought by the defendant would result in a 57 percent reduction from the mandatory minimum. Such a reduction is not warranted here under the circumstances outlined above. The Court will, however, in the exercise of its

6

discretion, in light of the defendant's participation in the residential drug treatment program, the completion of other classes and receiving no disciplinary infractions during her incarceration, grant some additional reduction in the case. Therefore, the defendant's motion is GRANTED, and her sentence will be reduced to a term of 63 months of imprisonment

This order is effective November 2, 2015.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
